## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

ABDIAS CALDERON NUNEZ,

Petitioner,

v.

WARDEN, FCI FORT DIX, *et al.*,

Respondents.

CIV. NO. 26-1829 (RMB)

**OPINION**

RENÉE MARIE BUMB, Chief United States District Judge

This matter comes before the Court upon *Pro Se* Petitioner Abdias Calderon Nunez's Petition for Writ of Habeas Corpus under 28 U.S.C. 2241, Dkt. No. 1 ("Petition"), his motion for a temporary restraining order or preliminary injunction (Dkt. No. 1 at 31, "TRO Motion"), and his emergency motion for expedited consideration, (Dkt. No. 3, "Motion to Expedite"). The Court must review the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rule 4") applicable to habeas petitions under § 2241 pursuant to Rule 1(b), scope of the Rules. Habeas Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Upon review of the Petition, the Court will dismiss this matter for lack of jurisdiction under Habeas Rule 4.

1

## I.    BACKGROUND

Petitioner, a citizen of the Dominican Republic, was paroled into the United for criminal prosecution in San Juan, Puerto Rico on June 3, 2021. (Petition at 9.) Petitioner is serving a federal sentence in the Federal Correctional Institution in Fort Dix, New Jersey "("FCI Fort Dix") for conspiracy to import cocaine, imposed by the United States District Court, District of Puerto Rico in Criminal Action No. 21-cr-208-SCC-3. (Dkt. No. 1-1 at 7, Petition, Ex. 1, "Sentence Monitoring Computation Data"). DHS issued an expedited removal order for Petitioner on January 16, 2026.  (Dkt. No. 1-1 at 5, Ex. 1, "Expedited Removal Order") and DHS send an immigration detainer to FCI Fort Dix to detain Petitioner upon his release from the custody of the Bureau of Prisons ("BOP"). (Dkt. No. 1-1 at 9, Ex. 1, "Detainer").

Petitioner is challenging the validity of his expedited order of removal for five reasons: (1) he is not subject to an expedited order of removal under U.S.C. § 1225(b)(1)(A)(iii)(II) because he has been present in the United States continuously for more than two years; (2) DHS bypassed procedural safeguards in 8 C.F.R. § 235.3 by approving his removal order without meaningful review, in violation of the *Accardi* Doctrine; (3) his expedited removal order violates nationwide stays in *CHIRLA v. Noem*, No. 1:25-cv-00872 (D.D.C.), and *Make the Road New York v. Noem*, No. 1:25-cv-00190 (D.D.C.); (4) the expedited removal proceedings denied him due process under the Fifth Amendment; and (5) the expedited removal order deprived him of a credible fear interview under 8 C.F.R. § 235.3(b)(4) for his asylum claim. (Petition at 5-6.) Petitioner also filed a memorandum of supplemental authorities in support of his

argument that "the Government may not lawfully use … 8 U.S.C. 1225 as the operative detention and removal framework for noncitizens with substantial interior presence in the United States[.]"  (Dkt. No. 4 ("Petr's Suppl. Mem.") at 1).

## II.    DISCUSSION

The general habeas statute, 28 U.S.C. § 2241(c)(3), provides that "[t]he writ of habeas corpus shall not extend to a prisoner unless … [h]e is in custody in violation of the Constitution or laws or treaties of the United States."  Petitioner is not challenging his present custody by the BOP.  Rather, he is clearly challenging the validity of his expedited removal order, which subjects him to future custody by immigration authorities for the purpose of removing him from the United States.

The Immigration and Nationality Act ("INA"), 8 U.S.C. § 1252(a)(2), bars judicial review of expedited removal orders with the exception of (1) whether the petitioner is an alien; (2) whether the petitioner was ordered removed; and (3) whether the petitioner can prove by a preponderance of the evidence that he or she was granted asylum or admitted as a lawful permanent resident or refugee.  Petitioner does not raise these issues.  8 U.S.C. § 1252(e)(2)(A)-(C). Otherwise, "[t]he INA strips courts of subject-matter jurisdiction over expedited removal orders." *Castro v. U.S. Dep't of Homeland Sec.* 835 F.3d 422, 431-32 (3d Cir. 2016).  Thus, an expedited removal order is not subject to judicial review for procedural deficiencies. *Id.* at 430. Additionally, 8 U.S.C. § 1252(a)(2)(A)(i) precludes judicial review over "any other cause or claim arising from or relating to the implementation or operation of' such an order." *Osorio-Martinez v. Att'y Gen. United States of Am.*, 893 F.3d 153, 165 (3d Cir. 2018). "[I]n the

3

absence of a clear violation of the Suspension Clause[,]" a court "lacks jurisdiction to address … challenges to [an] expedited removal order." *Tovar Caicedo v. Warden*, FCI Fort Dix, No. CV 25-709, 2026 WL 1091111, at *3 (D.N.J. Apr. 22, 2026) (citation modified).  The Third Circuit has not recognized any status, other than Special Immigrant Juvenile Status, which "warrant[s] additional procedural protections" pursuant to the Suspension Clause[1] for those "noncitizens apprehended at or near the border or a port of entry[.]" *Id.* at *3.  Moreover, a noncitizen who is paroled into the United States for criminal prosecution "for trafficking in controlled substances is an inadmissible alien" who is "properly subject to a final order of removal without a hearing before an immigration judge."  *Zamora v. Underwood*, No. 3:25-CV-186, 2025 WL 4480376, at *2 (W.D. Pa. Nov. 18, 2025), *report and recommendation adopted sub nom. Zamora v. Underwood*, No. CV 3:25-186, 2026 WL 183530 (W.D. Pa. Jan. 23, 2026); *see also Ordonez Rivera v. Emmerich*, 2025 WL 1859161, at *2 (W.D. Wis. June 12, 2025)(collecting cases); *Edah v. U.S. Immigr. & Customs Enf't*, No. 25-CV-577-JDP, 2025 WL 2419634, at *2 (W.D. Wis. Aug. 21, 2025) ("Edah's contention that the Suspension Clause gives this court jurisdiction to hear his challenge to the validity of the expedited order of removal in view of the bars created by § 1252(a)(2)(A) and § 1252(e)(2) lacks merit.")

---

[1] Art. I § 9, cl. 2 of the United States Constitution ("the Suspension Clause") provides that "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the Public Safety may require it."

## III.    CONCLUSION

For the reasons discussed above, the Court lacks jurisdiction over Petitioner's challenges to his expedited order of removal.  Therefore, the Court will dismiss the Petition without prejudice.

An appropriate Order follows.

**DATE:  May 28, 2026**

> s/Renée Marie Bumb
> RENÉE MARIE BUMB
> Chief United States District Judge